| jLANDRIEU, Judge,
dissenting.
An insurance policy is a contract. Where the language is clear, the terms must be enforced unless they are contrary to public policy or legislative enactment.
The driver in this case needed a “Personal Vehicle Driver’s License” (Class “E”) provided for in La.Rev.Stat. 32:408 B(l). Class “E” driver’s licenses ... “expire on the anniversary of the birthday of the applicant which is nearest to, a period of four years subsequent to the issuing of the license, unless suspended, revoked or ... cancelled.” La.Rev.Stat. 32:412 A(7). La.Rev.Stat. 32:412 G states that “[i]t shall be unlawful for any person to drive a motor vehicle on any public street, road or highway of this state with an expired driver’s license.”
'While the renewal of an unexpired license might be viewed as perfunctory, the procedure for renewing an expired license -is anything but perfunctory.
In this case, the driver’s license had expired seven months before the accident. Irrespective of the reason for the expiration, on the date of the accident, Laniri was an unlicensed driver and, therefore, not covered by the policy. •
Under the majority opinion, a driver, once licensed, would be considered licensed for the rest of his or her life for insurance purposes.' An insurer might choose to write such a policy, but American Deposit Insurance Company did not do so in this matter, and the insured in this case did not buy a policy that insured unlicensed drivers.
I would grant relator’s motion for summary judgment.